J-S10005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VICTOR WILLIAMS, | |
| Appellant | No. 541 EDA 2016 |

Appeal from the PCRA Order Entered January 7, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002086-2008

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 06, 2017**

Appellant, Victor Williams, appeals *pro se* from the post-conviction court's January 7, 2016 order denying his timely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant alleges that both his direct appeal and PCRA counsels acted ineffectively, and that he is serving an illegal mandatory minimum sentence. After careful review, we vacate the PCRA court's order and remand for further proceedings.

The facts underlying Appellant's convictions are not necessary to our disposition of the issues he raises on appeal. Instead, we need only note the following procedural history of this case. In January of 2012, Appellant was tried before a jury and found guilty of aggravated assault, 18 Pa.C.S. § 2702, and possessing a firearm without a license, 18 Pa.C.S. § 6106. On March 27, 2012, he was sentenced to an aggregate term of 5½ to 12 years' incarceration, followed by 6 years' of probation. Appellant filed a timely

appeal with this Court, and we affirmed his judgment of sentence on July 15, 2013. *See Commonwealth v. Williams*, 82 A.3d 1064 (Pa. Super. 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court. Thus, his judgment of sentence became final on August 14, 2013. *See* 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed").

On July 16, 2014, Appellant filed a timely, *pro se* PCRA petition. For some unknown reason, that petition is not contained in the certified record. However, Appellant asserts, and the Commonwealth acknowledges, that in his *pro se* petition, he argued that: (1) his appellate counsel was ineffective for not challenging, on direct appeal, the trial court's denial of Appellant's Pa.R.Crim.P. 600 motion to dismiss, and (2) that a mandatory minimum sentence, imposed in Appellant's case pursuant to 42 Pa.C.S. § 9712 (Sentences for offenses committed with firearms), is illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013) (holding that "facts that increase

- 2 -

mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt).[1]

The PCRA court appointed Scott D. Galloway, Esq., to represent Appellant. On October 1, 2015, Attorney Galloway filed a petition to withdraw and a **Turner/Finley**[2] "no-merit" letter. On October 5, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. In that order, the court also granted Attorney Galloway's petition to withdraw. Appellant filed a timely, *pro se* response, arguing, *inter alia*, that Attorney Galloway had acted ineffectively by petitioning to withdraw. On January 7, 2016, the PCRA court issued an order dismissing Appellant's petition.

Appellant filed a timely, *pro se* notice of appeal. He also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement, and the court issued a responsive opinion on June 2, 2016. Herein, Appellant presents three issues for our review, which we have reordered for ease of disposition:

> A. Is Appellant['s] sentence unconstitutional in that it involved a mandatory minimum sentence in violation of **Alleyne**…?

---

[1] In **Commonwealth v. Valentine**, 101 A.3d 801, 811-12 (Pa. Super. 2014), this Court held that 42 Pa.C.S. § 9712 is unconstitutional under **Alleyne**.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

B. Was … direct appeal counsel, and PCRA counsel Scott D. Galloway, Esquire[,] ineffective for not arguing [a] violation of Pa.R.Crim.P. 600?

C. Was the improper dismissal of Appellant's PCRA [petition] by the lower court improper?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Preliminarily, our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. **Commonwealth v. Touw**, 781 A.2d 1250, 1252 (Pa. Super. 2001).

In regard to Appellant's first issue challenging the legality of his mandatory minimum sentence, both the PCRA court and the Commonwealth acknowledge that this claim is meritorious and Appellant's sentence must be vacated. **See** Commonwealth's Brief at 7-10; PCRA Court Opinion (PCO), 6/2/16, at 6-7. We agree. In **Commonwealth v. Ruiz**, 131 A.3d 54 (Pa. Super. 2015), this Court recognized the well-established principal that an **Alleyne** claim constitutes a non-waivable challenge to the legality of a sentence, and may be raised for the first time on direct appeal or in a timely-filed PCRA petition. **Id.** at 60. We then held that **Alleyne** may be applied to cases pending on collateral review **if the petitioner's judgment of sentence was not final** when **Alleyne** was decided. **Id.** at 59-60.

- 4 -

Here, Appellant's case was pending on direct appeal when **Alleyne** was decided on June 17, 2013. While Appellant's counsel failed to challenge Appellant's sentence under **Alleyne**, that failure did not waive this legality-of-sentence issue. Because Appellant's judgment of sentence was not final when **Alleyne** was decided, and he presented his challenge to the legality of his sentence in a timely-filed PCRA petition, **Ruiz** directs that Appellant is entitled to resentencing without application of the mandatory minimum sentence set forth in 42 Pa.C.S. 9712. **See Ruiz**, 131 A.3d at 60-61.[3]

In Appellant's second issue, he maintains that his PCRA counsel, Attorney Galloway, acted ineffectively by petitioning to withdraw, rather than arguing that Appellant's direct appeal counsel had acted ineffectively by not challenging the denial of Appellant's Rule 600 motion to dismiss. **See** Appellant's Brief at 22. Appellant further contends that Attorney Galloway failed to properly state this issue, and explain why it lacked merit, in his

_____

[3] We recognize that after **Ruiz**, our Supreme Court decided **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), holding that **Alleyne** does not apply retroactively to collateral attacks on mandatory minimum sentences. **Washington**, 142 A.3d at 819. However, **Washington** only addressed the applicability of **Alleyne** to sentences that became final before **Alleyne** was decided; the Court did not consider the unique procedural posture presented in this case and in **Ruiz**, where **Alleyne** was decided during the pendency of the petitioner's direct appeal. Indeed, the **Washington** Court recognized that "a new rule of constitutional law is generally retrospectively applicable … to cases pending on direct appellate review." **Washington**, 142 A.3d at 813. In sum, the holding of **Washington** did not overrule **Ruiz**, nor did it preclude application of **Alleyne** to Appellant's case.

*Turner/Finley* no-merit letter. *Id.* at 23. After reviewing Attorney Galloway's no-merit letter, we agree with Appellant that it was incomplete in this regard.[4] More specifically, Attorney Galloway only discussed *trial counsel's* handling of the Rule 600 issue, concluding that trial counsel "did raise that issue and litigate the same" and, therefore, trial counsel was not ineffective. *See Turner/Finley* No-Merit Letter, 10/1/15, at 1 (unnumbered). However, Attorney Galloway at no point assessed whether *direct appeal* counsel was ineffective for not challenging, on direct appeal, the trial court's denial of Appellant's Rule 600 motion.

It is well-established that before counsel is permitted to withdraw, they "must, in the 'no-merit' letter, list **each claim** the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims…." *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006) (emphasis added), *abrogated on other grounds by Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009). Counsel also "must set forth in the 'no-merit' letter an explanation of why the petitioner's issues

_____

[4] The Commonwealth also acknowledges that Attorney Galloway's no-merit letter did not properly address Appellant's claim that his direct appeal counsel acted ineffectively by not raising the Rule 600 issue. *See* Commonwealth's Brief at 10. Consequently, the Commonwealth states that "this Court should remand this case so that PCRA counsel can address the claim." *Id.*

are meritless….” ***Id.*** Here, Attorney Galloway failed to meet these technical requirements for withdrawal, and Appellant preserved his claim that Attorney Galloway acted ineffectively in this regard in his timely-filed response to the PCRA court's Rule 907 notice. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1198 (Pa. Super. 2012) (stating that "when counsel files a ***Turner/Finley*** no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss") (citing ***Pitts,*** 981 A.2d at 880 n.4). Accordingly, we conclude that the PCRA court erred by granting Attorney Galloway's request to withdraw.

Thus, having determined that the PCRA court erred by denying Appellant's petition, and that it also improperly granted Attorney Galloway's petition to withdraw, we reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing. We also direct the trial court to appoint Appellant a new attorney to represent him at sentencing, and to review his claim of ineffectiveness pertaining to his appellate counsel's failure to raise the Rule 600 issue on direct appeal.

Order vacated. Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/6/2017</u>